UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

LUIS ORTIZ,

          Defendant.

**DECISION AND ORDER**

6:20-CR-06096 EAW

## I. INTRODUCTION

Pending before the Court are objections filed by defendant Luis Ortiz ("Defendant") to a Report and Recommendation issued by United States Magistrate Judge Mark W. Pedersen (Dkt. 113 (Report and Recommendation); Dkt. 124 (Objections)). Familiarity with the Report and Recommendation is assumed for purposes of this Decision and Order.

The Court has conducted a thorough review of the Report and Recommendation and the parties' filings before this Court and Judge Pedersen. After a *de novo* review of the issues as to which objections were filed, and after a thorough consideration of all the issues raised in Defendant's suppression motion, the Court hereby accepts and adopts in its entirety the Report and Recommendation (Dkt. 113) and overrules Defendant's objections (Dkt. 124). As a result, the Court denies Defendant's motion to suppress. (Dkt. 102).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is charged by way of a superseding indictment returned on October 22, 2020, with a narcotics conspiracy, in violation of 21 U.S.C. § 846. (Dkt. 64). This Court

referred all pretrial matters in the case to Judge Pedersen pursuant to 28 U.S.C. § 636(b)(1)(A)-(B).  (Dkt. 37).

Defendant filed a motion to suppress evidence on March 30, 2021.  (Dkt. 102).  The motion seeks to suppress all evidence seized as a result of execution of a search warrant for 100 Borinquen Plaza, Apartment 506, Rochester, New York (Defendant's residence), on June 18, 2020.  (Dkt. 102-1 at 2-3).  After hearing oral argument (Dkt. 111), Judge Pederson issued a Report and Recommendation on May 6, 2021, recommending that the undersigned deny the motion to suppress (Dkt. 113).

Defendant objects to the Report and Recommendation, arguing that Judge Pedersen erred in concluding that probable cause supported issuance of the challenged search warrant and in concluding that suppression is in any event unwarranted pursuant to the good faith exception to the exclusionary rule set forth in *United States v. Leon*, 468 U.S. 897 (1984).  (Dkt. 124).  The government filed a memorandum in opposition to Defendant's objections on June 21, 2021.  (Dkt. 128).

### III. STANDARD AND ANALYSIS

A district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to suppress, under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F.

Supp. 2d 485, 487 (S.D.N.Y. 2009). The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

### A.     Probable Cause Supported Issuance of the Search Warrant

The challenged search warrant was issued by Judge Pedersen on June 16, 2020. (Dkt. 113 at 2). Judge Pedersen made a finding of probable cause based on the affidavit of Sabatino Smith, a special agent with the Drug Enforcement Administration ("DEA"), sworn to on June 16, 2020. (Dkt. 1 at 2-142 (the "Smith Affidavit")).

In support of his objections, Defendant argues that the allegations set forth in the Smith Affidavit "establish, at most, sporadic and occasional instances of Luis Ortiz having drugs in his apartment at 100 Borinquen Plaza #506" and "at best, that the last time there was any evidence of drug trafficking activity at 100 Borinquen Plaza #506 was March 13, 2020," such that the information in the Smith Affidavit was stale and did not furnish probable cause for issuance of the search warrant. (Dkt. 124 at 5). The Court disagrees, for the reasons that follow.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. "In evaluating probable cause in any given case, a judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability

- 3 -

that contraband or evidence of a crime will be found in a particular place." *United States v. Raymonda*, 780 F.3d 105, 113 (2d Cir. 2015) (quotation and alteration omitted). Because of the subjective nature of the probable cause determination, "a reviewing court generally accords 'substantial deference to the finding of an issuing judicial officer that probable cause exists,' limiting [its] inquiry to whether the officer 'had a substantial basis' for his determination." *Id*. (quoting *United States v. Wagner*, 989 F.2d 69, 72 (2d Cir. 1993)).

As relevant here, "a warrant lacks probable cause where the evidence supporting it is not 'sufficiently close in time to the issuance of the warrant' that 'probable cause can be said to exist as of the time of the search'—that is, where the facts supporting criminal activity have grown stale by the time that the warrant issues." *Id*. (quoting *Wagner*, 989 F.2d at 75). There is "no bright-line rule for staleness"—instead, staleness is evaluated "on the basis of the facts of each case." *Id*. (citations omitted). Importantly, "[w]here the affidavit 'establishes a pattern of continuing criminal activity,' such that 'there is reason to believe that the cited activity was probably not a one-time occurrence,' the passage of time between the last alleged event and the warrant application is less significant." *Id*. (quoting *Wagner*, 989 F.2d at 75). "[N]arcotics conspiracies are the very paradigm of the continuing enterprises for which the courts have relaxed the temporal requirements of non-staleness." *United States v. Rowell*, 903 F.2d 899, 903 (2d Cir. 1990) (citation omitted).

Here, as Defendant acknowledges, the Smith Affidavit "alleges that on six occasions between November 29, 2019 and May 4, 2020, Luis Ortiz and Angel Ortiz engaged in conduct, which the police believe prove that Luis Ortiz was storing drugs for Angel Ortiz at 100 Borinquen Plaza, #506," and those "six occasions were November 29, 2019,

December 16, 2019, January 26, 2020, February 4, 2020, March 13, 2020, and May 4, 2020." (Dkt. 124 at 3). Even accepting Defendant's contention that the allegations related to May 4, 2020, "do not establish that Angel Ortiz and Luis Ortiz were involved in drug trafficking on that date," but instead "establish only that Angel Ortiz spoke to Luis Ortiz on the phone and met with him at 100 Borinquen Plaza" (*id*. at 3-4), Judge Pedersen still had before him evidence supporting the conclusion that at least once per month from November 2019 to March 2020, Angel Ortiz retrieved narcotics from Defendant's apartment. While Defendant contends that this is insufficient to establish that drugs were stored at Defendant's apartment on a continuing basis as opposed to "on a finite number of occasions and for a limited period of time" (Dkt. 124 at 7), this argument fails to take into account the additional context set forth in the Smith Affidavit.

For example, Agent Smith detailed a conversation between Defendant and Angel Ortiz on November 29, 2019, during which Defendant indicated that he had finished processing and packaging heroin but was still working on processing and packaging cocaine, and Angel Ortiz indicated that he was "not in a rush" for the cocaine but was coming to pick up the heroin. (Dkt. 1 at 76-77). Agent Smith further detailed a conversation between Defendant and Angel Ortiz on December 16, 2019, in which Angel Ortiz indicated that he had received an unexpected request for heroin and was going to come pick some up from Defendant's apartment. (*Id*. at 79-81). Agent Smith also alleged that on February 4, 2020, Defendant and Angel Ortiz had a conversation in which Angel Ortiz asked about heroin he had previously given to Defendant for processing, and then informed Defendant he was coming to pick him up so they could go to Defendant's

apartment to retrieve it.[1]  A reasonable conclusion from these conversations is that Angel Ortiz was storing narcotics at Defendant's apartment on a regular basis and retrieving those narcotics as needed.  Indeed, Agent Smith reached just such a conclusion, indicating that it was his belief the Defendant would "process[] and store[] cocaine and heroin/fentanyl at [100 Borinquen Plaza, Apartment 506] and make[] such drugs available to Angel ORTIZ when Angel need[ed] to supply customers."  (Dkt. 1 at 139).  "An investigator's opinion that based on training and experience, drug traffickers maintain evidence of their illegal activities at their residences, may assist in establishing probable cause to search."  *United States v. Williams*, 350 F. Supp. 3d 261, 268 (W.D.N.Y. 2018).

Further, the three-month gap between March 13, 2020, and the issuance of the search warrant on June 16, 2020, is well within the range of delay that courts have found acceptable in the context of ongoing narcotics conspiracies.  *See, e.g., Rowell*, 903 F.2d at 903 ("Given the continuous nature of narcotics conspiracies and [the defendant's] statements to the Florida undercover officer about his on-going marijuana distribution operation, the approximately 18-month delay between procuring the informants' statements and seeking the wiretap warrant did not render the information stale."); *United States v. Mouzon*, No. 16 CR 284 (CM), 2016 WL 7188150, at *6 (S.D.N.Y. Dec. 2, 2016) (in context of narcotics conspiracy, "the period of time between November 17 and the Search Warrant—a little over three months—is not so lengthy as to render the information

---

[1]  Defendant and Angel Ortiz did not explicitly refer to heroin and cocaine in these conversations; Agent Smith explained the meaning of the coded language used by Defendant and Angel Ortiz based on his training and experience.

stale"); *United States v. Funderburk*, 492 F. Supp. 2d 223, 241 (W.D.N.Y. 2007) ("Here, the information which [the defendant] maintains was stale was also obtained during the investigation of a narcotics conspiracy and, as less than six months old at the time of the relevant application, was significantly fresher than the information at issue in *Rowell*."); *United States v. Mullen*, 451 F. Supp. 2d 509, 545 (W.D.N.Y. 2006) (in context of narcotics conspiracy, four-month gap between intercepted conversations and execution of search warrant did not render information stale).

Having reviewed the matter *de novo*, the Court agrees with Judge Pedersen that he had a "substantial basis to determine there was probable cause to believe that crimes had occurred and that evidence of those crimes would be found at 100 Borinquen Plaza, Apartment 506." (Dkt. 113 at 7-8). The Court accordingly overrules this aspect of Defendant's objections.

### B. The Good Faith Exception Applies

The Court further agrees with Judge Pedersen that, even assuming the information contained in the Smith Affidavit was insufficient to establish probable cause, the good faith exception to the exclusionary rule applies.

Pursuant to *Leon*, even where probable cause is lacking and a defendant's Fourth Amendment rights have been violated, the exclusionary rule does not automatically operate to suppress the seized evidence. "Indeed, exclusion has always been our last resort, not our first impulse." *United States v. Rosa*, 626 F.3d 56, 64 (2d Cir. 2010) (quoting *Herring v. United States*, 555 U.S. 135, 140 (2009)).

There are four circumstances where an exception to the exclusionary rule does not apply and evidence obtained pursuant to a warrant lacking probable cause will be excluded:

> (1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; [or] (4) where the warrant is so facially deficient that reliance upon it is unreasonable.

*United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992) (citing *Leon*, 468 U.S. at 923). "These exceptions reflect the general rule that, '[t]o trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system.'" *United States v. Romain*, 678 F. App'x 23, 25 (2d Cir. 2017) (alteration in original) (quoting *Herring*, 555 U.S. at 144). "The pertinent analysis of deterrence and culpability is objective," and the Court's "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well[-]trained officer would have known that the search was illegal in light of all of the circumstances." *Rosa*, 626 F.3d at 64 (quotations omitted).

In his motion to suppress, Defendant argues that "[t]he staleness of the probable cause here cannot be saved by the so-called 'good faith exception'" because "[t]he allegations in the affidavit are stale on their face and the officers who were involved in the investigation and the preparation of the warrant application were aware of this." (Dkt. 102-1 at 5). Judge Pedersen interpreted this argument as asserting "that the fourth *Leon* exception applies—that the warrant was so deficient on its face that reliance on it was unreasonable." (Dkt. 113 at 11). However, in his objections, Defendant clarifies that he

- 8 -

is arguing that the first *Leon* exception applies and that "the issuing magistrate was knowingly [misled]." (Dkt. 124 at 9). In particular, Defendant argues that Agent Smith misled Judge Pedersen by including in his affidavit "allegations of events alleged to have occurred in April and May of 2020, which clearly do not relate to probable cause to search 100 Borinquen Terrance [sic]." (*Id*. (citation omitted)).

Defendant's argument lacks merit. Notably, Defendant does not contend that Agent Smith's allegations regarding the events in April and May of 2020 were false, just that their inclusion was somehow so confusing as to mislead Judge Pedersen. Defendant has cited no cases in which a court has found that the provision of too much accurate information satisfied the first *Leon* exception, nor has the Court uncovered any such cases in its own research. Nor does the Court believe that such a conclusion would be justified—judicial officers are perfectly capable of reading and understanding affidavits, even if they are not organized in what a defendant considers an ideal fashion.

To the extent Defendant is trying to argue that Agent Smith misled Judge Pedersen by knowingly providing stale information (*see* Dkt. 124 at 9 ("The allegations in the affidavit are stale on their face and the officers who were involved in the investigation and the preparation of the warrant application were aware of this." (citation omitted))), that contention also fails. Agent Smith laid out the precise dates on which the activities involving Defendant occurred; there is no basis to conclude that he deliberately withheld information regarding the relevant timeline from Judge Pedersen.

In sum, after conducting a thorough *de novo* review of the record and the arguments of the parties, the Court agrees with Judge Pedersen that (1) probable cause existed to support the issuance of the search warrant, and (2) the good faith exception to the exclusionary rule applies in any event. Accordingly, the Court overrules Defendant's objections and adopts Judge Pedersen's recommendation that Defendant's motion to suppress be denied.

### IV. CONCLUSION

For the foregoing reasons, and the reasons set forth in the Report and Recommendation, the Court adopts the Report and Recommendation (Dkt. 113) in its entirety and denies Defendant's motion to suppress (Dkt. 102).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: August 6, 2021
       Rochester, New York